**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| ROBIN GAYLE EAST, )<br>)<br>        Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>        Respondent. ) | Case No. 11-3239-CV-S-RED<br>Crim No. 09-3046-01-CR-S-RED |

## ORDER

On May 22, 2012, the Eighth Circuit issued its mandate in the above captioned case and directed this Court to appoint counsel and conduct a hearing on whether *Missouri v. Frye*, 132 S.Ct. 1399 (2012) or *Lafler v. Cooper*, 132 S.Ct. 1376 (2012) apply to this case. *Frye* and *Lafler* stand for the proposition that, to show prejudice for an ineffective assistance of counsel claim regarding a plea offer:

> defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. *Frye* at 1409.

Both Petitioner and Respondent have set forth their briefs regarding this issue.

The Court first notes the following testimony by attorney Marsha Jackson at Petitioner's sentencing hearing:

> Ms. Jackson: . . . by the time I was appointed, [Petitioner] felt that [cooperation] was – would no longer be beneficial, that she wouldn't be able to get anything from the people in California if she was even able to contact them it had been so long.
> . . .

> Ms. Jackson: The conversation took place as to whether or not [Petitioner] might be interested in [an opportunity for substantial assistance with the government] but at that point the position was . . . that there wouldn't be anything that she would be able to help them with. Too much time had passed.
>
> The Court: Who made that decision?
>
> Ms. Jackson: My client and myself, your honor.

Moreover, Petitioner's brief does not set forth evidence indicating that she could have successfully cooperated with the Government and, that if she did, she would have ended up with a sentence less than she ultimately did receive. Instead, Petitioner speculates that she would have received a lesser sentence and bases her assertion on attorney Gary Milligan's statement during sentencing that he had considered not following through with Petitioner's charges if she cooperated and, further, that even if charges were filed, she would have pled guilty and received a lower offense level for acceptance of responsibility and, possibly, a 5k.1 departure. However, the reality is that Petitioner was indicted and did not plead guilty, but, instead, went to trial. *See i.e. Frye* (When considering prejudice, the Court indicated that "plead[ing] guilty to a more serious charge, with no promise of a sentencing recommendation from the prosecutor" would indicate a defendant's likelihood to accept a plea offer had it been offered to him, as was the case in *Frye*. However, the Court also noted that "in some cases defendants must show more than just a guilty plea to a charge or sentence harsher than the original offer."). Accordingly, the Court finds that Petitioner cannot satisfy the prejudice requirements set forth by *Frye* and *Lafler*.

Furthermore, the only issue before the Court regards attorney Don Cooley's failure to relay an offer of cooperation to Petitioner. However, as stated in *Frye,*

> as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a ***plea*** on terms and conditions that may be favorable to the

> accused. Any exceptions to that rule need not be explored here, for the offer was a formal one with a fixed expiration date. When defense counsel allowed the offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires. *Frye* at 1408.

There is no evidence that the Government set forth a plea offer to Petitioner and, further, that this offer was not communicated to Petitioner. The issue before the Court today regards an offer of cooperation. However, offers of cooperation are much different from plea offers, which were considered by the Supreme Court in *Frye* and *Lafler*. As indicated by the Government, an offer of cooperation gives a defendant the chance to demonstrate that she has information or the ability to do something useful for the Government; however, an individual will not receive a cooperation plea agreement unless the information received from the defendant is actually useful to the Government and, then, even after the agreement has been made, the defendant must follow through with that agreement, i.e., by testifying, making recorded phone calls, etc. As was illustrated in the transcript from the sentencing hearing when the Government did offer to discuss cooperation, Petitioner decided, with the advice of counsel, that she was not interested in cooperating. It is easy for Petitioner to now say that she would have cooperated at an earlier date had she known of the opportunity. However, the credibility of this position is suspect because later, when the Government did offer to discuss cooperation Petitioner refused, allegedly because she and her counsel determined she no longer had useful information. The quality of the information, however, is for the Government to decide and if Petitioner truly wanted to get a break, she should have taken advantage of the Government's offer to cooperate. Since Petitioner did not attempt to discuss cooperation, there is no evidence whether she would have had information sufficiently useful to the Government and, further, whether she would have followed through with each step necessary to allow her to receive a lesser sentence. Accordingly, even if *Frye* and *Lafler* do apply to offers of cooperation,

Case 6:11-cv-03239-RED   Document 25   Filed 09/11/12   Page 3 of 4

it is once again clear that Petitioner is unable to illustrate the prejudice standard set forth in *Frye* and *Lafler*.

First, the Court finds that a hearing is unnecessary as the parties have laid out their arguments in their briefs and there is sufficient factual evidence in the records for the hearing on the Motion to Suppress and the Sentencing Hearing so that the Court can make its decision on the issue. Furthermore, for the above stated reasons, the Court finds that neither *Missouri v. Frye* nor *Lafler v. Cooper* change the Court's initial ruling on Petitioner's § 2255 Motion.

**IT IS SO ORDERED**.

DATED: September 11, 2012     /s/ Richard E. Dorr
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT

4